Byron Z. Moldo (SBN 109652)
  bmoldo@ecjlaw.com
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Peter A. Davidson, Receiver for
CanAm Capital Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. DAVIDSON, Receiver for CanAm Capital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GERTRUDE BARNHARDT aka GETIE BARNHARDT; TAURUS FINANCIAL ADVISORS, LTD., an Alberta Corporation,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT TO AVOID FRAUDULENT TRANSFERS; AIDING AND ABETTING; BREACH OF FIDUCIARY DUTY; MONEY HAD AND RECEIVED** |

Plaintiff, Peter A. Davidson, ("Receiver" or "Plaintiff") Receiver for CanAm Capital Corporation ("CanAm"), avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332.

2. Plaintiff, is the duly appointed and acting receiver for CanAm, having been appointed by an order issued by the Los Angeles County Superior Court on January 20, 2011 in Case No. BC 453286 <u>The People of the State of California, By And Through The California Corporations Commissioner v. CanAm Capital Corp. et al.</u>

3. Plaintiff is a citizen of the State of California.

4. Defendant, Gertrude Barnhardt aka Getie Barnhardt ("Getie"), is a resident of North York, Ontario, Canada, and, on information and belief, is a Canadian citizen.

5. Defendant, Taurus Financial Advisors, Ltd. ("Taurus"), is an Alberta, Canada Corporation, with its principal place of business in North York, Ontario, Canada.

6. Venue is proper in this district because a substantial part of the events giving rise to the claims avered herein occurred in this district.

7. The amount in controversy exceeds $75,000.00.

## GENERAL ALLEGATIONS

8. CanAm is a Nevada corporation. Its primary business address was 1875 Century Park East, Suite 1860, Los Angeles, California 90067.

9. At all relevant times CanAm transacted business within and from California.

10. CanAm's business activities included selling membership interests in limited liability companies to investors in California and elsewhere (hereinafter "Investment Funds").

11. CanAm has never been licensed or qualified with the California Department of Corporations in any capacity to offer or sell securities.

12. CanAm was the manager of the Investment Funds.

13. Jay Jordan Barnhardt, also known as Jay J. Barnhardt and J.J. Barnhardt, hereinafter ("J.J.") is an individual whose last known residence is 1485 North Doheny Drive, Los Angeles, California 90069.

14. At all relevant times, J.J. was the President of CanAm and sole shareholder of CanAm.

15. At all relevant times Getie was the sole shareholder and sole director of Taurus.

16. Getie is J.J.'s mother.

17. At all relevant times Taurus' offices were maintained at Getie's home in North York, Ontario, Canada.

18. There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Getie and Taurus, such that any individuality and separateness between them have ceased, and Taurus is the alter ego of Getie.

13325.16:1261978.1

2

COMPLAINT TO AVOID FRAUDULENT TRANSFERS

19. Adherence to the fiction of the separate existence of Taurus as an entity distinct from Getie would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

20. Plaintiff is informed and believes, and based thereon avers, that at all relevant times Taurus was a mere shell and sham without capital assets, save and except those fraudulently transferred to it by J.J. and Getie from CanAm, and was intended and used by Getie and J.J. as a device to avoid individual liability and hide the transfer of CanAm assets.

21. Plaintiff is informed and believes, and based thereon avers, that at all relevant times Taurus was inadequately capitalized.

22. Beginning in at least February 2004 and continuing through at least December 2009, CanAm, J.J. and their agents, employees and representatives, offered and sold securities in violation of California's Corporate Securities Law ("CSL") to at least 337 investors, raising a total of approximately $25,000,000.00.

23. Of the investors, at least 182 were California residents.

24. CanAm and J.J. offered and sold securities in the form of units of membership interest in a number of limited liability companies. The purported purpose of the offerings was to raise money to provide financing to selected start-up and/or early stage companies, mostly located in Canada.

25. CanAm, J.J., and their agents, employees and representatives offered and sold these securities to investors with whom CanAm and J.J. and their agents, employees and representatives had no preexisting business or personal relationship within the meaning of CSL.

26. CanAm, J.J., and their agents, employees and representatives offered and sold securities to investors by means of general solicitations in the form of "cold calls".

27. The securities offered and sold by CanAm and J.J. were not qualified, pursuant to the CSL, and were not exempt from the qualification requirements of the CSL.

28. On February 11, 2009 the California Corporation's Commissioner issued a Desist and Refrain Order ("2009 Order") against CanAm, J.J., and others for violating CSL section

25110 by offering and selling securities through the use of general solicitations in the form of "cold calls".

29. The 2009 Order was served on CanAm, J.J., and others on March 18, 2009.

30. The 2009 Order prohibited CanAm, J.J. and others from offering and selling securities in the form of membership units in limited liability companies in California unless the offering was qualified or exempt from qualification.

31. Notwithstanding the 2009 Order, beginning in April 2009 and continuing through at least December 2009, CanAm and J.J., and their agents, employees and representatives offered and sold securities to at least 90 investors, raising approximately $3,279,000.00. Of those investors, at least 53 were California residents.

32. Despite the 2009 Order, J.J. continued to violate CSL section 25110 and the 2009 Order by offering and selling securities through the use of "cold calls", and violating CLS section 25401 by offering and selling securities through misrepresentations and omissions of material fact in the following manner:

    a. Failing to disclose the 2009 Order to investors;

    b. Using at least $1,588,000.00 of investor funds J.J. had transferred to CanAm, in contradiction to the purposes stated in the offering materials;

    c. Using CanAm funds for personal expenses including the following:

        i. From December 2009 to April 2010, approximately $200,000.00 was used to pay J.J.'s personal income taxes;

        ii. From September 2009 to July 2010, approximately $716,000.00 was used to fund the CanAm Corp. Defined Benefit Plan for the years 2008, 2009, and 2010;

        iii. On September 28, 2009, $12,000.00 was given to Steve Heraty to purchase Santa Rita Partners, Inc.;

        iv. On March 16, 2009 $26,000.00 was used to purchase an oriental rug;

   v. From April 2009 to September 2010, approximately $574,000.00 was paid to American Express for the personal credit cards of J.J. and his wife for items such as art, college tuition, jewelry, luxury home furnishings, fixtures, chandeliers, interior decorating, floor coverings, household furnishings, household appliances, crystal, landscaping, veterinary services, dining and retail services/goods.

33. During the period 2005 through 2010, J.J. transferred, or caused CanAm to transfer, approximately $1,932,850.00 to Taurus ("Transfers").

34. At least one fake invoice was created by CanAm and J.J. to make it appear that the Transfers were for research and consulting services.

35. J.J. caused CanAm to deduct the Transfers on CanAm's tax returns as business expenses.

36. Taurus provided no goods or services to CanAm in exchange for the Transfers it received.

FIRST CLAIM FOR RELIEF

(To avoid Fraudulent Transfer –

California Civil Code §3439.04(a)(1) – Against Taurus and Getie)

37. The Receiver reavers and repleads Paragraphs 1 through 36 inclusive of this Complaint and incorporates them here in full.

38. The Receiver has been authorized by the Court appointing him to bring this action.

39. The Transfers by CanAm to Taurus and Getie were made with the actual intent to hinder, delay or defraud CanAm's creditors.

SECOND CLAIM FOR RELIEF

(To avoid Fraudulent Transfer –

California Civil Code §3439.04(a)(2) – Against Taurus and Getie)

40. The Receiver reavers and repleads paragraphs 1 through 36 and 38 of this Complaint and incorporate them here in full.

41. The Transfers made by CanAm to Taurus and Getie were made without CanAm receiving a reasonably equivalent value in exchange therefor.

42. At the time the Transfers were made by CanAm to Taurus and Getie, CanAm was engaged or was about to engage in a business or a transaction for which the remaining assets of CanAm were unreasonably small in relation to the business or transaction.

43. At the time the Transfers were made by CanAm to Taurus and Getie, CanAm, intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay them as they became due.

## THIRD CLAIM FOR RELIEF

(To Avoid Fraudulent Transfer –

California Civil Code §3439.05 – Against Taurus and Getie)

44. The Receiver reavers and repleads Paragraphs 1 through 36 and 38 inclusive of this Complaint and incorporates them here in full.

45. CanAm currently has creditors whose claims arose before the Transfers to Taurus and Getie.

46. CanAm received less than a reasonably equivalent value in exchange for the Transfers to Taurus and Getie.

47. At the time of the Transfers to Taurus and Getie, CanAm was insolvent or became insolvent as a result thereof.

## FOURTH CLAIM FOR RELIEF

(Aiding and Abetting Breach of Fiduciary Duty – Against Getie)

48. The Receiver reavers and repleads Paragraph 1 through 36 and 38 inclusive of this Complaint and incorporates them here in full.

49. By causing CanAm to make the Transfers to Taurus, J.J. did not exercise the care and loyalty required of corporate directors and/or officers.

50. By causing CanAm to make the Transfers to Taurus, J.J. breached his fiduciary duties owed to CanAm.

51.   Getie aided and abetted J.J.'s breach of his fiduciary duties to CanAm by providing substantial assistance to J.J. by intentionally accepting or allowing Taurus to accept the Transfers, when Taurus provided no goods or services to CanAm for the funds, so it would appear that the transfers were for legitimate consulting or research services.

52.   Getie knew that she and Taurus were not entitled to receive the Transfers from J.J. or CanAm.

## FIFTH CLAIM FOR RELIEF

(Money Had and Received – Against Taurus and Getie)

53.   The Receiver reavers and repleads Paragraph 1 through 36 and 38 inclusive of this Complaint and incorporates them here in full.

54.   Within the last four years at Los Angeles, California, Taurus and Getie became indebted to CanAm in the sum of $1,386,100.00 for money had and received by Taurus and Getie for the use and benefit of CanAm.

55.   No payment has been made by Taurus or Getie to CanAm, and there is now owing the sum of $1,386,100.00, with interest on that amount at the rate of 7% per year from the date of each transfer.

WHEREFORE, the Receiver prays as follows:

1. For Judgment avoiding the Transfers to Taurus and Getie;
2. For Judgment on the First, Second and Third Claims for Relief against Taurus and Getie, jointly and severally, in the sum of $1,932,850.00;
3. For interest on the funds transferred to Taurus and Getie from the date of the Transfers;
4. For Judgment against Getie on the Fourth Claim for Relief for $1,932,850.00;
5. For exemplary damages;

////

////

////

13325.16:1261978.1

7

COMPLAINT TO AVOID FRAUDULENT TRANSFERS

6. For Judgment on the Fifth Claim for Relief for $1,386,100.00, and for interest on that amount at the rate of 7% from the date of the Transfers.

7. For costs of suit; and

8. For such other further relief as the Court deems just and proper.

DATED: September 1, 2011

Respectfully submitted,

ERVIN COHEN & JESSUP LLP

By: /s/ Byron Z. Moldo
Byron Z. Moldo
Attorneys for Peter A. Davidson, Receiver for CanAm Capital Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**CV11- 7298 CBM (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**ORIGINAL**

Name & Address:
Byron Z. Moldo (SBN 109652)
bmoldo@ecjlaw.com
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, 9th Floor
Beverly Hills, CA 90212-2974

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. DAVIDSON, Receiver for CanAm Capital Corporation, <br><br>PLAINTIFF(S) <br><br>v. <br><br>GERTRUDE BARNHARDT aka GETIE BARNHARDT; TAURUS FINANCIAL ADVISORS, LTD., an Alberta Corporation, <br><br>DEFENDANT(S). | CASE NUMBER <br><br> **CV11 07298 CBM VBKx** <br><br>**SUMMONS** |

TO: DEFENDANT(S): Gertrude Barnhardt aka Getie Barnhardt; Taurus Financial Advisors, Ltd., an Alberta Corporation

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, **Byron Z. Moldo**, whose address is **Ervin, Cohen & Jessup LLP, 9401 Wilshire Blvd., 9th Fl., Beverly Hills, CA 90212-2974**. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: SEP - 2 2011

By: **CHRISTOPHER POWERS**
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                         SUMMONS

Name & Address:
Byron Z. Moldo (SBN 109652)
bmoldo@ecjlaw.com
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, 9th Floor
Beverly Hills, CA 90212-2974

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. DAVIDSON, Receiver for CanAm Capital Corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>GERTRUDE BARNHARDT aka GETIE BARNHARDT; TAURUS FINANCIAL ADVISORS, LTD., an Alberta Corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 07298 CBM VBKx**<br><br>SUMMONS |

TO: DEFENDANT(S): Gertrude Barnhardt aka Getie Barnhardt; Taurus Financial Advisors, Ltd., an Alberta Corporation

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Byron Z. Moldo__, whose address is __Ervin, Cohen & Jessup LLP, 9401 Wilshire Blvd., 9th Fl., Beverly Hills, CA 90212-2974__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP - 2 2011__          By: __CHRISTOPHER POWERS__
                                         Deputy Clerk

                                         (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                          SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PETER A. DAVIDSON, Receiver for CanAm Capital Corporation

**DEFENDANTS**
GERTRUDE BARNHARDT aka GETIE BARNHARDT; TAURUS FINANCIAL ADVISORS, LTD., an Alberta Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Byron Z. Moldo, Ervin Cohen & Jessup LLP
9401 Wilshire Blvd., 9th Fl., Beverly Hills, CA 90212-2974
Tel: (310) 273-6333; Fax: (310) 859-2325

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 1,932,850.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
To recover fraudulent transfers.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____ CV11 07298

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Canada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 1, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |